IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Richard M. Arboscello,                    )
                                          )
                    Plaintiff,            )
                                          )     Civil Action No. 6:25-cv-3061-BHH
v.                                        )
                                          )     **<u>ORDER</u>**
Walden University,                        )
                                          )
                    Defendant.            )
_____ )

This matter is before the Court upon Plaintiff Richard M. Arboscello's ("Plaintiff") amended complaint against Defendant Walden University ("Defendant"), alleging a claim for age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Fair Labor Standards Act, 29 U.S.C. § 216(b).  (ECF No. 14.)  On September 4, 2025, Defendant filed a motion to dismiss Plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (ECF No. 19.)  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for pretrial proceedings.

On October 15, 2025, the Magistrate Judge issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court deny Defendants' motion. (ECF No. 26.)  Attached to the Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy.  On October 29, 2025, Defendant filed objections to the Magistrate Judge's Report, and Plaintiff filed a reply on November 12, 2025.  (ECF Nos. 29, 30.)

## STANDARDS OF REVIEW

**I.     Rule 12(b)(6) of the Federal Rules of Civil Procedure**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The pleading standard set forth in Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement."  *Id.* (quoting *Twombly*, 550 U.S. at 557).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of a plaintiff's complaint.  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. *Id.*  When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**II.     The Magistrate Judge's Report**

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

## DISCUSSION

In his Report, the Magistrate Judge outlined the factual allegations of Plaintiff's complaint and the applicable law and determined that Plaintiff's amended complaint contains sufficient factual matter to sufficiently allege a claim for age discrimination that is plausible on its face.  (*See* ECF No. 26 at 2-6.)

In its objections to the Magistrate Judge's Report, Defendant asserts that the Magistrate Judge failed to address the ADEA's but-for causation standard and that the Magistrate Judge improperly relied on conclusory allegations that do no plausibly plead an age discrimination claim.  (ECF No. 29 at 2-6.)  After *de novo* review, however, the Court finds Defendant's objections unavailing.

First, as to Defendant's objection that the Magistrate Judge failed to address but-for causation, the Court notes that the Magistrate correctly explained that the applicable law prohibits an employer from discriminating against or terminating any person who is at least 40 years of age *because of* his age, and the Court further notes that Plaintiff's amended complaint specifically references Plaintiff's EEOC charge, wherein he alleged Defendant

3

discriminated against him "due to his age" and terminated him "due to his age." (*See* ECF No. 14 at 2; ECF No. 26 at 4.) Furthermore, Plaintiff's amended complaint specifically alleges that "Plaintiff was fired because of his age." (ECF No. 14 at 4.) Thus, contrary to Defendant's objection, Plaintiff does not merely allege that Defendant replaced Plaintiff with a younger employee. Instead, Plaintiff specifically alleges that Defendant discriminated against him and terminated him *because of his age*.

As to Defendant's second objection–that the Magistrate Judge overlooked the conclusory nature of Plaintiff's allegations–the Court again disagrees. In the Report, the Magistrate Judge outlined the allegations of Plaintiff's amended complaint, which the Court accepts as true when considering Defendant's motion to dismiss, and after *de novo* review, the Court fully agrees with the Magistrate Judge that Plaintiff's amended complaint alleges sufficient facts to state a claim for age discrimination that is plausible on its face. Accordingly, the Court overrules Defendant's objections and denies Defendant's motion to dismiss.

**CONCLUSION**

Based on the foregoing, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 26), and the Court denies Defendant's motion to dismiss (ECF No. 19).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

May 19, 2026
Charleston, South Carolina